IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

KEVIN BUTLER,                          *
                                       *
        Plaintiff,                     *
                                       *
vs.                                    * CIVIL ACTION NO. 26-00132-KD-B
                                       *
RODNEY WILSON, *et al.*,               *
                                       *
        Defendants.                    *

## ORDER

Plaintiff Kevin Butler, an Alabama state prison inmate proceeding *pro se*, filed, in the Middle District of Alabama, a complaint under 42 U.S.C. § 1983, a motion to proceed without prepayment of fees, and a prisoner trust fund account statement. (Docs. 1, 2, 3).  Subsequent thereto, the case was transferred to this Court and has now been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and S.D. Ala. GenLR 72(a)(2)(R) for consideration and disposition or recommendation on all appropriate pretrial matters. (Docs. 4, 5)

A review of Butler's complaint (Doc. 1) reflects that it is not on this Court's required form for prisoner actions under 42 U.S.C. § 1983.  Accordingly, Butler is **ORDERED** to file, by **June 26, 2026,** his complaint on this Court's current form for prisoner actions pursuant to 42 U.S.C. § 1983.  Butler's new complaint will supersede his original complaint; therefore, he shall not reference or seek to incorporate by reference his original

complaint in his new complaint.  If additional pages are needed, Butler shall follow the format contained in the form complaint when completing the additional pages.

Additionally, a review of Butler's motion to proceed without prepayment of fees (Doc. 2) reflects that the motion is not on this Court's required form for a motion to proceed without prepayment of fees filed in a prisoner action, and that it does not include the required certificate and signature of a prison official.  Accordingly, Butler is **ORDERED** to refile his motion to proceed without prepayment of fees by **June 26, 2026,** using this Court's current form for a motion to proceed without prepayment of fees in a prisoner action.  Butler must sign the form motion, and the certificate section must be completed and signed by an authorized prison official.  It is not necessary for Butler to include another copy of the financial statement reflecting transactions in his prisoner account.  In lieu of filing the motion to proceed without prepayment of fees, Butler may pay the $405.00 filing fee by **June 26, 2026.**

Having reviewed Butler's original complaint, the Court hereby advises Butler that a complaint in federal court is required to contain "a short and plain statement" of the plaintiff's claim. Fed. R. Civ. P. 8(a)(2).  A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).  "A claim has facial

plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To show a defendant is liable for the misconduct alleged, a plaintiff is required to "include factual allegations for each essential element of his or her claim." GeorgiaCarry.Org, Inc. v. Georgia, 687 F.3d 1244, 1254 (11th Cir. 2012) (quoting Randall v. Scott, 610 F.3d 701, 707 n.2 (11th Cir. 2010)). Vague and conclusory allegations are subject to dismissal because they do not provide facts. Fullman v. Graddick, 739 F.2d 553, 556-57 (11th Cir. 1984).

In addition to the general pleading requirements outlined above, 42 U.S.C. § 1983 "requires a showing that the conduct complained of (1) was committed by a person acting under color of state law and (2) deprived the complainant of rights, privileges, or immunities secured by the Constitution or laws of the United States." Harvey v. Harvey, 949 F.2d 1127, 1130 (11th Cir. 1992); see 42 U.S.C. § 1983. To state a viable claim in a § 1983 action, a plaintiff must show a causal connection between each defendant's actions, orders, customs, or policies and a deprivation of the plaintiff's constitutional or federal rights. Zatler v. Wainwright, 802 F.2d 397, 401 (11th Cir. 1986) (per curiam); Williams v. Bennett, 689 F.2d 1370, 1380 (11th Cir. 1982). A plaintiff can demonstrate such a causal connection by alleging

3

facts that show what **each defendant** did to violate his constitutional or federal rights or, to state it another way, that show how **each defendant** was involved in the alleged violation of his constitutional or federal rights.

Butler is cautioned that failure to comply with this order within the prescribed time or to immediately advise the Court of a change in his address will result in a recommendation that this action be dismissed without prejudice for failure to prosecute and to obey the Court's order.

The Clerk is **DIRECTED** to send Butler: (1) the Court's current form complaint for prisoner actions under 42 U.S.C. § 1983; (2) the Court's current form motion to proceed without prepayment of fees; and (3) a copy of his original complaint.

**DONE** this **8th** day of **May, 2026.**

**/s/ SONJA F. BIVINS**
**UNITED STATES MAGISTRATE JUDGE**

4